# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

**Case Docket No.**
8:19-cv-442-T-35CPT

2019 FEB 20 AM 11: 34

Anne Bryant,

*Plaintiff,* PRO SE

    *v.*

Hasbro Inc.;
Wildstar Music Inc (ASCAP) d/b/a Hasbro Inc.;
Starwild Music Inc (BMI) d/b/a Hasbro Inc.;
Apollo's Chariot Music (ASCAP) d/b/a Hasbro Inc.;
Banana Alert Music (BMI) d/b/a Hasbro Inc.;
John and Jane Does 1-5; ABC Corporations 1-5,

    *Defendants*

## CIVIL COMPLAINT

*Injunctive Relief Sought*

1. Plaintiff Anne Bryant, a composer, brings this Action at Law and Equity, seeking Injunctive Relief from This Court under 17 U.S.C. § 502(a)(b), in connection to violations of 17 U.S.C. § 409 by the Defendants captioned above (together, **"the Publishers"**), in Copyright Applications submitted by Defendant Wildstar Music Inc, and any of them, that obtained Copyright Registrations of Plaintiff's **"Music,"** (17 U.S.C. § 410); and, in connection to:

2. Mis-allocations of Plaintiff's Writer's Shares in numerous registrations at domestic and foreign Public Performance Organizations, ("PROs"); and Plaintiff's royalty payments made to others, including, but not limited to payments of Plaintiff's royalties to a deceased person; and, in connection to:

3. Non-payment of past and presently due Music Publishing Royalties for worldwide licensing and use of Plaintiff's feature songs, themes, instrumentals, and Plaintiff's final

$400.00
TPA055373

arrangement Master Audio Recordings —the "**Masters**" that are also used as

instrumental background cues, *together:* the Plaintiff's "**Music.**"

## Jurisdiction and Venue

4.  This Court has Jurisdiction of this Action under <u>28 U.S.C § 1331</u> and <u>28 U.S.C § 1338</u>

<u>(a)</u>, and the authority to provide Injunctive relief under <u>17 U.S.C.§ 502(a)(b).</u>

5.  Venue is proper in this district pursuant to <u>17 U.S.C. § 502</u>. The Publishers, Wildstar

Music Inc. ("**Wildstar**"), Starwild Music Inc. ("**Starwild**"), Apollo's Chariot Music

("**Apollo**") and Banana Alert Music ("**Banana**") are d/b/a corporations of Hasbro Inc—a

foreign profit corporation entity registered in Florida, doing business under its own name

and through subsidiaries and affiliates throughout the United States, and abroad.

## In Personam Jurisdiction

6.  The Defendants are subject to the Florida Long-Arm Statute, <u>§ 48.193 (1)(a), (b), (f)1,</u>

<u>(f)2, and (2).</u>

7.  Hasbro Inc. is staffed in Florida; has customers in Florida who purchase its music and

video products,—*that embody Plaintiff's* Music— in Florida stores, and from online

stores that deliver the products to them in Florida; and licenses it properties for events in

Florida.

## The Parties

8.  *Plaintiff* Anne Bryant is an American Composer and Songwriter, an Arranger-Conductor-

Music Producer, and a Writer-member-affiliate of Broadcast Music Inc ("BMI") since

1971, whose Music is featured and embodied in Defendant Hasbro Inc's actively-licensed

television programs, originally broadcast in the 1980s, that have been licensed since,

worldwide, continuously for broadcast, and in home video products for sale and rental, and with their content now available for streaming by multiple sources, and for in-flight entertainment, Ringtones and Ringbacks, *inter alia.*

9. Plaintiff's Main Themes for "The Transformers," "JEM" and "The Great Space Coaster" have been *covered* in numerous commercial recordings by various artists, sold on tape and disc ("phonograph records"), and by Online Stores, such as iTunes, *et al.* [1]

10. Plaintiff composed arranged and produced Music for hundreds of commercial jingles, feature songs, instrumental pieces, and orchestral arrangements and electronically-produced arrangements *yearly* for "**Agencies,**" [2] (*Plaintiff's clients*), that were employed by Defendant Hasbro Inc. in the 1980's.

11. Plaintiff resides at 2601 Jefferson Circle, Sarasota, FL 34239.

### Defendants

12. Defendant Hasbro Inc, **("Hasbro"),** the renowned Toy-maker, expanded in the 1980s and early 1990s to become a multi-media Entertainment Company, Publisher and Distributor who licenses its many successful television and film properties and Music worldwide.

13. By information and belief, Defendant-Publisher, Hasbro licenses Plaintiff's Music through the Music Publishing catalogues of its four d/b/a/ Music Publishing businesses, Wildstar, Starwild, Apollo and Banana.

14. The Defendant Publishers are incorporated and/or registered in Rhode Island. Their principle place of business is 1027 Newport Ave, Pawtucket R.I. 02861.

---

[1] Plaintiff has not been paid Music Publishing Royalties for these commercially-released recordings.

[2] The Agencies employed by Hasbro were Griffin Bacal Inc. (**"GBI"**), and Sunbow Productions Inc. (**"Sunbow"**).

## Cause of Action

15. Foreign (worldwide) Public Performance Royalties have not been, and are not paid *to Plaintiff* for her feature songs and themes; and Plaintiff has not been and is not credited and paid foreign and domestic Public Performance Royalties at the 100% Writer's Share for the composer's Instrumentals, consistent with *terms* provided in **the JEM Agreement**, (Exhibit 10, ¶5(c)).

16. Plaintiff did not receive, and has not received to date any Music Publishing Statements and royalty payments from Hasbro or any of the Publishers captioned above in the years 2018, 2017, 2016, 2015, 2013, (and 2011), pursuant to terms provided in the JEM Agreement, (Exhibit 10, ¶6).

17. Plaintiff discovered in December of 2017 that the Copyrights in the Plaintiff's Music, registered to Defendant Wildstar Music Inc. ("Wildstar"), which have been transferred ubiquitously in separate transactions to foreign and domestic third parties, and used to secure major (multi-currency) loans, have again been transferred by the Publishers recently to Britteridge Publishing, BMI (**"Britteridge"**) and Allerton Publishing, ASCAP (**"Allerton"**), *et al.* The copyright registrations indicate that Britteridge and Allerton are the Claimants "by written agreement."

## Statement of Facts

18. The 1986 JEM Agreement between the parties Sunbow Productions Inc. (**"Sunbow"**), the "Company," and Kinder & Bryant Ltd, the "Contractor," is Exhibit 10 *infra* at ¶29.

19. In numerous copyright applications, Defendant Wildstar copyrighted the Words and *Music* to Plaintiff's songs as the "Author" of a "Work-for-Hire;" and, Defendant Wildstar

is the Copyright Claimant. The Wildstar Copyright application exhibited fails to state, as required, that its claim was "by written agreement." (*See* **Exhibit 1:** *Example: Wildstar's 1985 Copyright Registration of Plaintiff's "JEM Main Theme").* [3]

20. By the *1988 Standard Terms and Conditions Agreement* (**"STAC"**), between Hasbro Inc. and Milton Bradley International [4]—w—Sunbow, Wildstar and Starwild, **(Exhibit 2, STAC at 1)**, Sunbow stipulates that Hasbro is the actual *Owner* of the musical compositions, even though such compositions may be registered for copyright in the names of Wildstar and Starwild (*Id.* ¶G(3)); Sunbow is obligated to provide copies of all agreements to Hasbro (*Id.* ¶F), and to assign those agreements to Hasbro (*Id.* ¶G(4)); and, Sunbow stipulates that Hasbro will be entitled to 80% of the Music Publishing monies derived from licensing of the Music. (*Id.* ¶I (6)(a)(ii);[5] STAC Agreement signatures, (*Id.* ¶O).

21. Sunbow produced a copy of the 1986 JEM Agreement in 2004. (*see* Exhibit 10, *infra*); [6]

22. In 2005, the NY Supreme Court Ordered that the 1986 JEM Agreement governed the terms of Plaintiff's *Writer-w-Publisher* Agreements with Sunbow.[7]

23. Defendant Hasbro Inc. ("Hasbro") re-acquired exclusive Distribution rights to the

---

[3]Exhibit 1 is one such copyright of Plaintiff's Music, out of many registered to Defendant Wildstar.

[4] By information and belief, Hasbro acquired Milton Bradley in 1984 and became Hasbro Bradley in 1985. In 1985, the company changed its name again to Hasbro Inc.

[5] Plaintiff was not a party to the STAC. *See* Exhibit 2, ¶O(13) - signatures.

[6] Sunbow was the Defendant in the NY Sup. Ct. consolidated Actions, *Bryant v. Broadcast Music Inc., et al* (Index No. 5192/00), and *Bryant v. Sunbow Productions Inc.* (Index No. 2821/02). The JEM Agreement was Defendant's Exhibit M in the Action(s).

[7] Re: Trial Phase 1 & 2 (2004; 2006) of 3 Trial phases in the NY Sup. Ct. consolidated Action(s).

Entertainment Properties that embody Plaintiff's Music and Masters from "TV Loonland AG" in 2009. **(Exhibit 3, reserved–no exhibit)**

24. Defendant "Hasbro" actively assumed the role of Music Publisher in 2010. **(Exhibit 4,** Hasbro Gen. Counsel Letter to Plaintiff's attorney, 02/05/2010; *and see* Plaintiff's attorney's letter to Hasbro's attorneys, dated 6/22/2010).

25. The 4 Defendant Publishers, Wildstar, Starwild, Apollo and Banana became d/b/a's of Hasbro Inc. in 2011. **(Exhibit 5, re:** RI registration of d/b/a's)

26. Plaintiff accepted the terms provided in ¶5 and ¶6 of the 1986 JEM Agreement in a letter to the Hon. Margaret Garvey, NY Supreme Court, **(Exhibit 6,** letter dated 9/28/2012).[8]

27. Plaintiff wrote letters to Hasbro demanding accountings for unpaid Music Publishing royalties in 4/14, 09/14, 08/16, and 12/17, and served *a Subpoena Duces Tecum in 8/17*; and letters to (the "PROs"), BMI and SOCAN in 11/13, 11/14 and 12/14, **(Exhibit 7,** letters to Hasbro Legal and to "PROs").

28. On December 30, 2016, Plaintiff filed Orders to Show Cause as to Hasbro (D.I. 116] and as to Broadcast Music Inc ("BMI"), (D.I. 114), within the S.D.N.Y. Civil Action, *Bryant v. Comm'r of Social Security, et al,* (ECF Docket No.14-cv-5764 (LTS)), seeking Injunctive Relief sought herein **(Exhibit 8**–2 OTSC). Both motions were denied (D.I. 115). And, in the final decision of the case, dated March 15, 2017, (D.I. 120), Hon. Laura Taylor Swain denied Plaintiff's Motion for Reconsideration without prejudice to Plaintiff's filing a separate Action, **(Exhibit 9,** March 15, 2017, Decision, cited pages).

29. On October 23, 2017, Hasbro Attorney, **Robert Turner** produced a copy of the JEM

---

[8] Trial phase 3 (2013).

Agreement to this Plaintiff, in response to a Subpoena Duces Tecum [9] (**Exhibit 10**, the JEM Agreement).

30. On **December 11, 2017,** Hasbro Inc. attorney, Robert Turner referred Plaintiff to the BMG AV Rights—Business Development executive, **Maite Bursic,**[10] in order for Plaintiff to acquire **Music** Publishing statements and unpaid royalties. (**Exhibit 11**, email from Robert Turner).

31. Subsequently, Plaintiff learned (in December, 2017) that Music by the Plaintiff had been transferred by the Publishers to <u>Britteridge Publishing, BMI</u> (**"Britteridge"**) and <u>Allerton Publishing, ASCAP</u> (**"Allerton"**) "by written agreement." (**Exhibit 12,** 1988 Wildstar Song Copyright of "Destiny;" 2016 Britteridge Song Copyright of *"Destiny;"* Britteridge 2015 BMI Registration of "Destiny" (that lowers Plaintiff's Writer's Share to 5%)).

32. Other Publishers, such as Starwild, Connexion Media Group PLC, LeoScore, LeoSong Music America and Fintage House Music USA also appear in registrations at BMI, (**Exhibit 13(a)** examples of registrations that credit lyricists with Plaintiff's Instrumentals and Cues).

33. And Anne Marie Bryant is registered as the composer and/or the co-composer of Plaintiff's themes, which she did not write or co-write. (**Exhibit 13(b)**, Anne Marie Bryant ASCAP catalogues, 2013 and 2002, ISWC data, registration to Anne <u>Marie</u> Bryant at SGAE— Spain's PRO).

---

[9] The subpoena was in connection to a different matter to which Hasbro was not a party.

[10] The BMG executive, Maite Bursic has never responded to Plaintiff's attempts to contact her. Plaintiff wrote to Hasbro's attorney, Robert Turner to ask him to intercede on Plaintiff's behalf, but he did not intercede, nor respond to Plaintiff's request.

## **Statement of Claim**

34. Plaintiff Anne Bryant, the "Author" of the **Music,** is the Initial Owner of the Copyrights[11] to Music that Plaintiff entrusted to Sunbow Productions Inc, with the understanding that Sunbow was the *"sole and unlimited owner…" "entitled to [the] copyright[s]…" "as copyright Author and proprietor…," and may "assign and grant licenses…, "* pursuant to terms provided at ¶5(a) of the 1986 JEM Agreement. (Exhibit 10);[12] AND,

35. With the understanding that Plaintiff is the owner of the (composer's)[13] *"writer's share of the Music in the non-dramatic (i.e. 'small') performing rights in the Music so as to enable Writer to license such non-dramatic performing rights to Society and to collect the 'writer's share' of royalties derived therefrom…'"(Id.* ¶5(c). These exclusive rights under a copyright,[14] have been *"licensed back"* to Plaintiff pursuant to terms in ¶5(c) of the JEM Agreement.

36. (a) Plaintiff's Music was copyrighted by Wildstar—not by Sunbow. (Exhibit 1);

    (b) Plaintiff did not make any agreements with Wildstar, and no assignment from Sunbow

---

[11] 17 U.S.C. § 201(a),  Initial Ownership of copyright

[12] The JEM Agreement is for original music to be included in an audio-visual work, and the Music is a work made for hire within the meaning of §101 of the United States Copyright Act. (Ex. 10, ¶5(a).

[13] *e.g. Pursuant to the JEM Agreement, Ex. 10,* ¶¶*5,6,* the Composer's Royalties for *Instrumentals* are Plaintiff's to claim at 100%. The Plaintiff as the composer of a song or theme, shares the writers' 50% share, *e.g.* with a lyricist or other collaborator. And, in consideration of Derivative Versions of Plaintiff's Music, Plaintiff and a collaborator (if any), on the original, receive not less than half of the Writers' normal share.

[14] It may be argued that pursuant to 17 U.S.C §501(b) Plaintiff is entitled to institute an action for any infringement.

is claimed on the Wildstar copyright applications/registrations, as required.  17 U.S.C.

201(d).

(c) Plaintiff was not an employee of Wildstar, as "the Wildstar Copyrights" imply.

37. Wildstar's failure to indicate that its right to Claim the Wildstar Copyrights to Plaintiff's

Music is "by written agreement" circumvents Plaintiff's writer's shares and copyright

interests that were *licensed back* to Plaintiff,  pursuant to terms provided in ¶5(c) of the

1986 JEM Agreement with Sunbow, the Publisher in the Agreement (Exhibit 10, ¶5(*d*));

*that is,* lacking a statement that there is a "written agreement," it appears from the

registration(s) that Wildstar owns every right and every hypothecation of every right to

Plaintiff's Music, when actually, Wildstar has no legal right to apply for and claim the

copyrights in Plaintiff's Music, because it is a corporation separate and apart from

Sunbow, *thus,* Wildstar has no liability in the JEM Agreement that controls the rights and

responsibilities of the Writer and the Publisher therein.

38.  Defendant Hasbro willfully ignores Plaintiff's inquiries and demands for payment of

Music Publishing royalties; Defendant Hasbro has not made good faith attempts to

correct the inaccurate registrations of Plaintiff's Music that credit wrong parties;  Hasbro

offers no recompense.

39. Hasbro, acting as the Publisher, (Exhibit 4)  knowingly continues to operate with the

*spurious* Wildstar copyrights that it *owns* (Exhibit 2), in order to license and transfer them

to others, (Exhibit 12), indifferent to Plaintiff's interests, that have been *licensed back* to

Plaintiff in the JEM Agreement, (Exhibit 10, ¶5(c)).

40.  There is no circumstance the Defendant Publishers can legally claim to deprive the

Plaintiff-Composer of any the Composer's Writer's shares of royalty payments under the

Standard Writer-w-Publisher _terms_ granted in the JEM Agreement, by deliberately

withholding them or crediting them to un-entitled others, year after year— _ad infinitum,_

proceeding as though the Plaintiff's **Music** is their wholly-owned, royalty-free property

—_it is not._

### Pleading for Equitable Relief

41.  _Therefore,_ in order to correct copyright registrations, the mis-allocation of Plaintiff's

writer's shares to others at Performance royalty Organizations (worldwide), including

credits to a deceased person having the name of "Anne Bryant"…, [15]

> "Dear Anne,
> Thank you for your concern about the usage of my wife Anne Marie Bryant's name
> as a songwriter related to your songs. I appreciate you informing my son David and
> I about this situation as we were totally unaware that this was going on.  David and
> I hope that you will be able to get to the bottom of exactly what happened and who
> was responsible for my wife's name being used in association with your songs when
> she did not co-write them." (12/14/13 email from Ardie Bryant, widower) [16]

…_and,_

in order for Plaintiff to receive payment of past and presently due Music

Publishing Royalties, and proper Public performance Royalties, Plaintiff

respectfully requests the following Injunctive Relief from This Court:

---

[15] "Anne Marie Bryant," (_deceased 2010_) was an Amateur Songwriter of one obscure song, who, by
information and belief, has been _used_ since the mid-1980s as a "Target Party" conduit to divert the
Plaintiff Anne Bryant's royalties to the un-named ASCAP Party #2901252.  Anne Marie Bryant also
appears as a BMI writer, published by Starwild and Hasbro Administrator, Conexion Media, in
connection to European PRO registrations of the Plaintiff's "Transformers Main Theme," and the Robotix
Theme, _inter alia._

[16] Email from Mr. Bryant was exhibit F to SDNY Action 14-cv-5764 (LTS), to which Hasbro was a party.

***Specific Performance***

42.    (a) Plaintiff respectfully requests This Court to enter an Injunction Ordering the Publishers to use their authority to cause the mis-allocations of Plaintiff's Writer's Shares in catalogues and databases of Broadcast Music Inc., and any and all foreign and domestic Performance Rights Organizations ("PRO's") and Music Publishing databases worldwide, to be corrected to the credit of <u>the</u> <u>Plaintiff</u> Anne Bryant—*debiting the wrongfully paid parties* in accord with BMI's policies.

(b) Plaintiff respectfully requests of This Court to enter an Injunction Ordering the Publishers to account and pay past, presently-due and future Music Publishing Royalty Income to Plaintiff accordingly, based upon the corrected writer's share allocations.

(c) Plaintiff respectfully requests This Court to enter an Injunction Ordering the Publishers to pay past due Music Publishing Royalties for which Plaintiff did not receive statements and payments in 2018, 2017, 2016, 2015, 2013, (and 2011, if the Court so allows),  with interest, if the Court so allows.

(d) Plaintiff respectfully requests of This Court to enter an Injunction Ordering Defendant Hasbro to amend the improper Wildstar Copyright Registrations, or to re-file the Copyright Registrations naming the Lyricist, Sunbow, or itself, *as the case may be,* as the <u>Author of Words</u> in a work-for-hire, with the Plaintiff named as the <u>Author of Music</u> in a work-for-hire, pursuant to a "Written Agreement," (the JEM Agreement), in order to reflect and protect Plaintiff's entitlement to the writer's shares and copyright interests, (Exhibit 10, ¶5(c). (See **Schedule I**—Songs, Themes).

AFFIRMATION

I, Anne Bryant, the Plaintiff proceeding Pro Se in this Action, Affirm under the penalty of

perjury that the statements made by me herein are true to my knowledge; and as for any

statements made by information and belief, I believe them also to be true.


_____  2·18·19

Anne Bryant, Plaintiff-Pro Se        date

2601 Jefferson Circle,
Sarasota, FL 34239
<accessab@gmx.com>
<annebryantmusic@mac.com>
917.848.5203


Filed with the Office of the Clerk—U.S. District Court,

Middle District of Florida, Tampa Division


*Defendant Parties to be served within 90 days*:

Hasbro, Inc. and 4 d/b/a/ Publishers of Hasbro Inc.

(Wildstar, Starwild, Apollo and Banana)

1027 Newport Ave, Pawtucket R.I. 02861